UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-24255-CIV-GAYLES/TURNOFF

**OFELIA PITALUGA,**
        **Plaintiff,**

    v.

**CAROLYN W. COLVIN,**
*Acting Commissioner of the Social Security Administration*,
        **Defendant.**
                              /

## ORDER

**THIS CAUSE** comes before the Court on the Report and Recommendation of Magistrate Judge William J. Turnoff (the "Report") [ECF No. 19], filed on March 11, 2016. In his Report, Judge Turnoff recommends that: (1) the motion for summary judgment filed by Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner") [ECF No. 16], be granted; (2) the cross-motion for summary judgment filed by Plaintiff Ofelia Pitaluga [ECF No. 15] be denied; and (3) the Commissioner's decision denying Pitaluga's eligibility for disability benefits be affirmed. The Court has carefully considered the written submissions, the record, and the applicable law. For the reasons that follow, the Report is adopted in part, the motions for summary judgment are each granted in part and denied in part, the Commissioner's decision is reversed, and this matter is remanded.

**I.     BACKGROUND**

On November 10, 2014, Plaintiff Ofelia Pitaluga filed this action seeking review of the decision by the Commissioner denying her eligibility for disability benefits under the Social Security Act. In an effort to reverse the Commissioner's decision, based on an ruling by the Administrative

1

Law Judge ("ALJ"), that she is not disabled, Pitaluga raises the following issues: (1) the ALJ failed to articulate the weight she accorded the opinions of two consultative examiners, Dr. Elias Fernandez and Dr. Mark La Porta; (2) the ALJ failed to articulate the weight accorded to the entirety of the treating source opinions of Drs. Nelson Hernandez and Jose Gonzalez; (3) the ALJ accorded ambiguous and inadequate weight to the treating source opinions expressed in Drs. Hernandez and Gonzalez's medical source statements; (4) the ALJ improperly did not give Drs. Hernandez and Gonzalez's opinions substantial or considerable weight; (5) the ALJ failed to conduct a proper credibility assessment of Pitaluga; and (6) the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence.

The matter was referred to the Magistrate Judge for a report and recommendation on dispositive matters. The parties filed their respective cross-motions for summary judgment [ECF Nos. 15 & 16]. On March 11, 2016, the Magistrate Judge issued his Report: addressing the issues Pitaluga raised, he concluded that the ALJ's ruling was supported by substantial record evidence and recommended that this Court deny Pitaluga's motion, grant the Commissioner's motion, and affirm the Commissioner's decision. On March 25, 2016, Pitaluga filed her objections to the Report ("Objections") [ECF No. 20].

## II.    LEGAL STANDARD

### A.    *Review of the Commissioner's Decision*

When reviewing the Commissioner's decision on a disability benefits application, the Court's role is to determine whether the ALJ applied the correct legal standards and whether substantial evidence supported that decision. *See* 42 U.S.C. § 405(g); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (per curiam). "Substantial evidence 'more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Walden v. Schweiker*,

672 F.2d 835, 838-39 (11th Cir. 1982) (quoting *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)). (internal quotation marks omitted). In determining whether substantial evidence exists, the Court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam). The Court must "give great deference to the ALJ's factfindings," *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015), *petition for cert. filed*, No. 15-1150 (U.S. Mar. 16, 2016), and is not permitted to reweigh the evidence the ALJ considered, *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). When the Commissioner's decision is supported by substantial evidence, the Court must affirm, "[e]ven if . . . the evidence preponderates against the [Commissioner's] decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

Unlike the deferential standard of review that applies to the Commissioner's findings of fact, "[n]o presumption of validity attaches to the [Commissioner's] determination of the proper legal standards to be applied in evaluating claims." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). "Failure to apply the correct legal standard or to provide [the reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *McDaniel v. Bowen*, 800 F.2d 1027, 1030 (11th Cir. 1986) (citation omitted).

**B.     *Review of a Magistrate Judge's Report and Recommendation***

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If there are no objections, the district court need only review the report

3

and recommendation for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam).

## III.   DISCUSSION

### A.   *Weight Accorded the Consultative Examiners' Opinions*

Pitaluga first argues that the Report incorrectly concluded that, although the ALJ failed to explicitly articulate the weight she accorded the opinions of Drs. Fernandez and La Porta, any error the ALJ committed was harmless.

An ALJ must state with particularity the weight accorded to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* "Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, [a court must] decline to affirm simply because some rationale *might* have supported the ALJ's conclusion." *Winschel*, 631 F.3d at 1179 (emphasis added) (citation and internal quotation marks omitted).

The Commissioner concedes that the ALJ failed to explicitly articulate the weight she accorded the opinions of Dr. Fernandez and Dr. La Porta. Based on this concession, the Court's analysis could end here. But the Commissioner contends that it is reasonably clear the ALJ rejected Dr. La Porta's opinion and, the Court presumes, argues that the ALJ rejected Dr. Fernandez's opinion, as well. Based on this contention, the Commissioner believes any failure to articulate the weight given the opinions is harmless because even if the opinions were accepted, Pitaluga could still perform the activities listed in the RFC.

The Court disagrees with the Commissioner. It is obvious the ALJ relied on the opinions in some part both in making her final determination and in judging Pitaluga's credibility. But she

4

inarguably failed to state to what extent she so relied. The Court determines that the ALJ did not discuss pertinent elements of the opinions; her conclusions suggest some of those elements were not considered. *See id.* For example, the ALJ relied on the statement from Dr. La Porta's report that Pitaluga told him she drove to his office in concluding that Pitaluga's testimony that she does not drive and has never held a driver's license was not credible. But in reaching this conclusion, the ALJ did not discuss the statement from Dr. Fernandez's report (from an appointment on the same day) that Pitaluga does not drive because she feels afraid and took the bus to his office. The ALJ's error in accepting or rejecting portions of these opinions—or relying or not relying on them—while not stating the weight to which she accorded them is ***not*** harmless, but rather clearly prejudicial. "[W]ithout clearly articulated grounds" for such a decision, the Court "cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960 (11th Cir. 2015) (per curiam) (citation and internal quotation marks omitted). To merely accept the ALJ's determination and say it is supported by substantial evidence "approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Id.* (citation and internal quotation marks omitted). *Winschel*, 631 F.3d at 1179.

Some rationale may have supported the ALJ's determination. But the Eleventh Circuit has mandated that a district court cannot affirm on that basis. Accordingly, the case will be remanded to the ALJ with instructions to articulate the weight she accorded the opinions of Dr. Fernandez and Dr. La Porta.

## B. *Weight Accorded the Treating Physicians' Opinions*

Pitaluga's second objection is that the Report did not fully consider her arguments regarding the weight (or lack thereof) the ALJ accorded the opinions of two treating physicians, Dr. Gonzalez and Dr. Hernandez.

5

A treating physician's opinion will be granted controlling weight if it is consistent with other medical evidence and is well-supported by acceptable clinical and diagnostic techniques. 20 C.F.R. § 404.1527(d)(2). Where some medical evidence is found to be inconsistent with the treating physician's opinion, the ALJ should give that opinion "substantial or considerable" weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1140 (11th Cir. 1997). "Good cause" exists where the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). If the ALJ grants less than substantial or considerable weight to a treating physician's opinion, she must clearly articulate the reasons for doing so. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Upon careful consideration of the record, the Court finds that the ALJ clearly articulated several reasons for giving less weight to both Dr. Gonzalez and Dr. Hernandez's opinions and had good cause to do so. Thus, her determination that these physicians' opinions should be given less than substantial or considerable weight is supported by substantial evidence. *See Phillips*, 357 F.3d at 1241. Pitaluga's objections in this regard are overruled.

### C.     *Pitaluga's Credibility*

Pitaluga's third objection is that the ALJ's conclusion that her testimony was not credible—a conclusion adopted by the Magistrate Judge—is not supported by substantial evidence.

Under the Eleventh Circuit's "pain standard" (a standard that also applies to complaints of subjective conditions other than pain), an ALJ must consider a plaintiff's subjective testimony if she finds "(1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected

6

to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). When a claimant's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). In assessing a claimant's credibility, the ALJ must consider the factors set forth in 20 C.F.R. § 404.1529(c), which include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(i)–(vii).

    The ALJ's determination pertaining to credibility "must contain specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7P. An ALJ who discredits a claimant's subjective pain testimony must articulate "explicit and adequate reasons" for doing so, relying upon substantial evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); *see also Hale v. Bowen*, 831 F.2d 1007, 1011-12 (11th Cir. 1987). Under the standard governing what constitutes substantial evidence, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). At bottom, in determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether

7

[the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (per curiam).

Here, the ALJ concluded that while Pitaluga's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. at 24. The ALJ's determination that Pitaluga's testimony regarding her pain (or other symptom) testimony is not credible is grounded in these facts: (1) Pitaluga is on food stamps; (2) her rent is paid by her nephew; (3) her medical treatment and medications are paid by Medicaid; (4) she has lived and worked in the United States since 1980, much of that time in West Palm Beach; (5) she told Dr. La Porta she worked in a property management office until 2008 when she left West Palm Beach "because she preferred to move back to Miami," Tr. at 420; (6) she told Dr. Fernandez she tried to find work but was unable to secure a job because of a prior incarceration for drugs and because the economy was poor at the time, *id.* at 414-15; (7) Dr. La Porta's report contains the statement "She drove here," and states that Pitaluga is "moderately bilingual," *id.* at 420; (8) Dr. Hernandez's report includes statements in English listed under "Chief Complaint" (*e.g.*, "I feel depressed," "I feel sad," "I want to be alone," etc.), *id.* at 467; and (9) at the hearing, Pitaluga sometimes responded to a question prior to its translation, *id.* at 25. In the Court's view, the ALJ's credibility findings are, therefore, based on four general assumptions about Pitaluga: (1) she may not be telling the truth as to whether she speaks English, based on conflicted evidence in the record; (2) she may not be telling the truth as to whether she drives, based on conflicted evidence in the record; (3) some of the medical records arguably belie her allegations as to why she ceased working in 2008; and (4) she "may be under no dire compunction to work," based on her receipt of public (and family) assistance, *id.* at 24.

8

Upon consideration, the Court concludes that the ALJ was, in fact, "clearly wrong to discredit" Pitaluga's testimony as a whole based on these ancillary matters, which mandates remand. *Werner*, 421 F. App'x at 939. The Court recognizes that "credibility determinations are the province of the ALJ," *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam), and that it is not the Court's place on appeal to step into the shoes of the Commissioner, resolve conflicts in the evidence, or draw inferences therefrom, *see Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (per curiam) (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971)[1]). That said, a credibility determination "cannot merely be a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered [her] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (citations and internal quotation marks omitted). On the one hand, the ALJ finds that Pitaluga's medically determinable impairments could reasonably be expected to cause the alleged symptoms; on the other, she relies on nonmedical evidence and assumptions of Pitaluga's intent in filing for benefits to discredit her allegations regarding pain or other symptoms. The ALJ's credibility determination seems a broad rejection based on concerns regarding Pitaluga's truthfulness on collateral issues such as her English proficiency, whether she drives, or her motive to work, rather than the merits of her statements of alleged pain or other symptoms.

The Eleventh Circuit and the district courts in this Circuit affirming credibility findings have done so after finding that the ALJ's determination was based on the medical evidence contained in the record or on inconsistencies between the record and the claimant's testimony as to the § 404.1529(c) factors, ***not*** on a conflation of the credibility determination required by the Regulations and the claimant's perceived truthfulness in tangentially related testimony or her

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

perceived motive for applying for benefits. *See, e.g.*, *id.* at 1212 (affirming the ALJ's credibility determination where the ALJ considered the claimant's activities of daily living, the frequency of his symptoms, and the types and dosages of his medications, and concluded that his subjective complaints were inconsistent with his testimony and the medical record); *Wilson*, 284 F.3d at 1226 (finding that the ALJ properly rejected the applied pain standard where objective medical evidence, activities of daily living, limited use of pain medication, and effectiveness of treatment were noted as reasons to discount claimant's credibility); *Dubin v. Colvin*, No. 13-60980, 2014 WL 949617, at *1 (S.D. Fla. Mar. 11, 2014) (affirming ALJ's credibility finding where the ALJ had identified conflicts between the claimant's testimony that he had been unable to work since 2011 and his apparent prior admissions he had returned to work in 2012, and had found that the notes of the claimant's treating physician "describing a relatively normal medical condition" cast doubt on the claimant's representations of debilitating pain and disability).[2]

Although a credibility determination is not required to contain "particular phrases or formulations," *Dyer*, 395 F.3d at 1210, the Court cannot find that the ALJ fully considered the appropriate and relevant factors in assessing Pitaluga's credibility, or that she considered Pitaluga's medical condition as a whole in making her determination. The record thus compels a reversal. *Adefemi*, 386 F.3d at 1027.

---

[2] *See also, e.g., Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (affirming decision in which ALJ found the claimant's allegation that she was unable "to do even simple tasks" not to be fully credible because it was inconsistent with her testimony of substitute teaching twice a week and working in a "family club" where she takes money at the door); *Allen v. Sullivan*, 880 F.2d 1200, 1202-03 (11th Cir. 1989) (per curiam) ("[T]he ALJ specifically articulated at least three reasons for rejecting appellant's subjective complaints of pain," based on medical evidence in the record contradicting his complaints); *Overton v. Colvin*, No. 14-0350, 2015 WL 3407529, at *8-9 (N.D. Ala. May 27, 2015) (affirming the ALJ's determination that the claimant's testimony was not credible because the ALJ noted that the claimant's complaints of depression were inconsistent with the notes from a physical examination, and because the ALJ found that the claimant's medication regimen and treatment history did not support the presence of impairments to the extent the claimant alleged, such as sleeping 19 hours a day); *Duckson v. Soc. Sec. Admin., Comm'r*, No. 13-0374, 2015 WL 1487038, at *9-10 (N.D. Ala. Mar. 31, 2015) (finding that the medical evidence supported a greater functional capacity than the claimant alleged, citing several MRIs and other studies; that the claimant's activities of daily living were inconsistent with his claim that he was incapable of even sedentary work; that the claimant's allegations regarding functional capacity were vague and equivocal; and that the opinion evidence indicated a higher level of functioning that the claimant alleged).

D.   *RFC*

Pitaluga's final objection is that the RFC, adopted by the Magistrate Judge, was not supported by substantial evidence. Given the Court's decision that remand is required based on the failure to articulate the weight accorded the consultative examiners' opinions and the failure to support Pitaluga's credibility determination with substantial evidence, and given that the findings could change on remand, it is unnecessary to address an objection regarding the Commissioner's RFC assessment. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam).

IV.   CONCLUSION

Upon *de novo* review of the Report, the Objections, the administrative record, and the applicable law, and considering all of the parties' arguments, the Court concludes that the ALJ failed to apply the proper legal standards, and thus her determination that the Plaintiff is not disabled is not supported by substantial evidence. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

(1)   the Plaintiff's Objections [ECF No. 20] are **SUSTAINED IN PART** and **OVER-RULED IN PART**;

(2)   the Report and Recommendation [ECF No. 19] is **ADOPTED IN PART**; and

(3)   the Motions for Summary Judgment [ECF Nos. 15 & 16] are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

(1)   state with particularity the weight accorded the opinions of Dr. Elias Fernandez and Dr. Mark La Porta;

(2)   reevaluate the Plaintiff's credibility;

11

(3) reevaluate the Plaintiff's RFC, in light of the above; and

(4) make any other determinations not inconsistent with this Order, or in the interest of justice.

The Clerk of Court is directed to enter a separate final judgment in favor of the Plaintiff, Ofelia Pitaluga, pursuant to sentence four of 42 U.S.C. § 405(g).

This action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE